IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODRICK LAVAUR GRIFFIN, TDCJ No. 1515343, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-2216-E-BN |
| OFFICER T. OLOYEDE, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Rodrick Lavaur Griffin, a Texas prisoner incarcerated at the Hutchins State Jail, a facility in this district, filed a *pro se* civil right complaint against several officers at the jail invoking the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601 *et seq.* (PREA), based on his allegedly being sexually harassed by an officer at the jail and the resulting investigation. *See* Dkt. No. 3. And Griffin moves for leave to *proceed in forma pauperis* (IFP) and to be transferred to another state facility while this lawsuit proceeds. *See* Dkt. Nos. 4, 5.

United States District Judge Ada Brown referred Griffin's lawsuit to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference.

Through a separate order, the Court will grant Griffin leave to proceed IFP under the Prison Litigation Reform Act (the PLRA). And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice.

## Legal Standards

Under the PLRA, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute (as well as its sister statute, Section 1915(e)(2)(B)) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention

to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted).

These findings, conclusions, and recommendations (the FCR) provides notice, and the period for filing objections to the FCR affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

Dismissal for failure to state a claim under either Sections 1915A(b)(1) or 1915(e)(2)(B)(ii) or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the PLRA, the IFP statute, nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is

implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that

the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

In sum, "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)).

But leave to amend is not required where an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015)

(per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Discussion

Griffin alleges that on February 23, 2022, Officer Oloyede, while exiting Griffin's dorm, "blew kisses at Griffin and told Griffin to kiss his buttock, at the same time he pat his buttocks." Dkt. No. 3 at 4. Griffin reported the incident two days later, contending that Oloyede's actions violated, among other things, PREA. *See id.* Statements were obtained from Griffin and two witnesses. *See id.* An investigation was undertaken, during which Oloyede was not separated from Griffin. *See id.* at 8. Griffin filed grievances and now contends that the investigation was deficient. *See id.*

Based on these allegations, Griffin claims that Officer Oloyede violated PREA and that the remaining defendants failed to separate him from Officer Oloyede and conducted a deficient investigation. As a result, Griffin seeks at least $250 million in damages. *See id.* at 4.

As far as Griffin seeks compensation for Officer Oloyede's behavior, 42 U.S.C. § 1997e(e) "applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (per curiam) (collecting cases).

And Griffin's "failure to allege physical injury falls squarely under § 1997e(e)'s

bar, precluding [the] recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported [constitutional] violation." *Id. Cf. Hutchins v. McDaniel*, 512 F.3d 193, 197 (5th Cir. 2007) ("§ 1997e(e) turns on the relief sought, [so] the physical injury requirement does not bar declaratory or injunctive relief for violations of a prisoner's Constitutional rights." (citing *Geiger*, 404 F.3d at 375; *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999))).

Although Griffin does not request declaratory or injunctive relief, had he – or should he seek leave to amend to request that relief – Griffin's claims are still subject to dismissal. *Cf., e.g., Field v. Corrs. Corp. of Am., Inc.*, 364 F. App'x 927, 930 (5th Cir. 2010) (per curiam) ("On his claim[] … that he was verbally and mentally abused by the staff and other offenders, Field cannot present a nonfrivolous issue on appeal. *See Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (verbal threats do not rise to the level of a constitutional violation).").

To the extent that Griffin's complaint relies on PREA itself, that provision of law affords no private cause of action. *See, e.g., Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2019 WL 5031357, at *21 (N.D. Tex. July 29, 2019) ("[B]ecause [PREA] 'does not create or provide a private cause of action, [Plaintiff's] claims for relief ... under the provisions of the PREA must be dismissed ... for failure to state a claim upon which relief may be granted.'" (quoting *Molina v. Wise Cnty., Tex.*, No. 4:17-cv-809-Y, 2019 WL 2176272, at *2 (N.D. Tex. May 20, 2019); citing *Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015) (per curiam) ("Insofar as Krieg argues that his rights under the [PREA] were violated, other courts addressing this issue have found

that the PREA does not establish a private cause of action for allegations of prison rape. Krieg has cited no case in support of his position; therefore, any claim raised under the PREA is properly dismissed as frivolous." (collecting cases)))), *rec. accepted*, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019).

And Griffin does not have a constitutional right to have grievances resolved to his satisfaction. *See Geiger*, 404 F.3d at 373-74 ("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding that the plaintiff had no actionable 42 U.S.C. § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances); *Lijadu v. I.N.S.*, Civ. A. No. 06-0518, 2007 WL 837285, at *3 (W.D. La. Feb. 21, 2007) ("[D]etainees do not have a constitutionally protected right to a grievance procedure – much less one that complies with their own personal preferences." (citation and internal quotation marks omitted)).

> A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable constitutional claim. Accordingly, inmates have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures. [So a court should dismiss associated claims] with prejudice, as allowing [leave] to amend the grievance claim would be futile.

*Cornett v. Edge*, No. 3:20-cv-89-M-BN, 2020 WL 890387, at *2 (N.D. Tex. Jan. 16, 2020) (citing 42 U.S.C. § 1997e(b); *Archie v. May*, Civ. No. 13-3185, 2014 WL 993506, at *3 & n.1 (W.D. La. Mar. 13, 2014) (collecting cases)), *rec. accepted*, 2020 WL 888535 (N.D. Tex. Feb. 24, 2020).

This limitation applies to claims concerning the adequacy of an investigation conducted after an alleged sexual assault at a jail. *See, e.g.*, *Shivers v. Lard*, No. 13-CV-2406, 2014 WL 992084, at *2 (W.D. La. Mar. 13, 2014) ("As for Horn, Heyse, and Smiley, [the plaintiff] complains that these defendants failed to conduct an adequate investigation after the assault, and failed to adequately address his administrative grievances. Plaintiff has not sufficiently alleged a claim against Horn, Heyse, and Smiley. An inmate does not have a constitutional right to have his grievances addressed and resolved to his satisfaction." (citing *Geiger*, 404 F.3d at 374)).

All these reasons show that amendment would be futile. So the Court should dismiss Griffin's complaint with prejudice.

That said, the time to file objections to the FCR (further explained below) allows Griffin an opportunity to explain how he would cure the deficiencies identified above and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims. consistent with the applicable legal standards. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002)

(affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment')."). *Accord Anokwuru v. City of Hous.*, 990 F.3d 956, 967 (5th Cir. 2021) ("A district court may dismiss *sua sponte* a complaint for failure to state a claim 'as long as the procedure employed is fair.' Generally, 'fairness in this context requires both notice of the court's intention and an opportunity to respond.'" (quoting *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014))).

## Recommendation

The Court should dismiss the complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 7, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE